26172. HILL, administratrix, *v.* OPELIKA WHOLESALE GROCERY COMPANY.

DECIDED JULY 3, 1937.

*Duke Davis,* for plaintiff in error.
*Lovejoy & Mayer, Morrow & Bruce,* contra.

STEPHENS, P. J. 1. This was a suit against a surety on a note, to recover principal, interest, and attorney's fees, in which the defendant admitted the execution of the note and alleged in his plea that the note was executed to the plaintiff for the purpose of enabling the makers, who were retail grocers, to secure credit with the plaintiff, which was a wholesale grocer, for goods to be bought by the makers from the plaintiff; that it was agreed between the defendant and the plaintiff that out of payments made by the makers to the plaintiff there should be entered credits on the note at the rate of $10 a week; that the makers afterwards paid to the plaintiff various sums which the plaintiff failed and refused to credit on the note; and that the amounts paid by the makers to the plaintiff, if credited according to the agreement, were suf-

ficient to pay the note. It appearing from undisputed evidence that the consideration for the note sued on was an original stock of goods furnished by the plaintiff to the makers of the note, that the plaintiff afterwards from time to time furnished goods to the makers of the note, that the makers from time to time made various payments to the plaintiff; but it not appearing that the amounts paid were more than sufficient to pay for the goods thus furnished from time to time, and it not appearing that the makers in making these payments applied them to any specific indebtedness due by them to the plaintiff, and it not appearing that there was any agreement between the plaintiff and the defendant that any sums paid by the makers should be credited on the note sued on, but it appearing only that the defendant stated to an agent of the plaintiff that the defendant had an agreement with one of the makers that $10 a week or more would be paid on the note, and that payments made were to be credited on the note at the rate of $10 a week, that such credits had not been made, that the defendant asked the agent of the plaintiff to see that such payments were made, that the agent of the plaintiff stated that he would endeavor to see if this could be done, that the makers did not make such payments on the note as they had thus agreed to make, and that none of the payments made by the makers were credited on the note, the evidence was insufficient to authorize a finding that there was any contract between the defendant and the plaintiff that any payments made by the makers to the plaintiff should be credited on the note sued on, and was insufficient to authorize the inference that the payments made by the makers of the note to the plaintiff were not in payment of indebtednesses other than that represented by the note sued on, and was insufficient to show that the amounts paid by the makers were applied by them, or should have been applied by the plaintiff, on the indebtedness represented by the note sued on. Therefore, as a matter of law, the evidence demanded the verdict for the plaintiff in the amount of the principal and interest sued for; and the court did not err in so directing.

2. The only evidence tending to show notice from the plaintiff of an intention to bring suit on the note as the basis for a recovery of attorney's fees being the testimony of the attorney for the plaintiff, that he prepared the copy of notice of attorney's

144

fees attached to the petition, and that a "registered return receipt" bearing the defendant's signature came back to witness, was insufficient to authorize the inference that any notice to bring suit on the note was given to the defendant. Therefore the verdict, in so far as it included an amount for attorney's fees, was contrary to law and unauthorized by the evidence.

3. The judgment overruling the motion for new trial will be affirmed if the plaintiff, before the judgment of this court is made the judgment of the trial court, will write off from the verdict the amount found for attorney's fees; otherwise the judgment stands reversed.

*Judgment affirmed on condition.  Sutton and Fellon, JJ., concur.*